UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| REBECCA RISNER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STARKE COUNTY, et al.,<br><br>Defendants. | Case No. 3:26-CV-208-CCB-SJF |

**OPINION AND ORDER**

Plaintiffs Rebecca and Jeremy Risner sued several state and municipal employees in their individual and official capacities under Section 1983, alleging numerous constitutional injuries and requesting retrospective and injunctive relief. State employees Prosecutor Baker, Prosecutor Poulos, and Judge Hasnerl have moved to dismiss. Separately, Knox City Court employees Angela Jesuit and Taylor Lockridge have also moved to dismiss. The Court now rules on both motions.

**BACKGROUND**

On April 21, 2024, Plaintiffs were subjected to a traffic stop where police searched their vehicle after performing a drug search with a K9. (ECF 17 ¶¶ 17–36). During the search, the police were informed by dispatch that there was an active no-contact order between Plaintiffs. (*Id.* ¶ 18). Based on this information, the police arrested and handcuffed Mr. Risner. (*Id.* ¶ 43). When Mrs. Risner repeatedly informed the officers that the order had been dismissed, the officers handcuffed her and placed her in the patrol car while they finished searching Plaintiffs' vehicle. (*Id.* ¶¶ 44–46). Mrs.

Risner was then released, while Mr. Risner was transported to the Starke Justice Center overnight and released in the morning after confirmation that the no-contact order had been dismissed. (*Id.* ¶¶ 47–49). In late July, a misdemeanor charge was filed against Mrs. Risner based on her interactions with police that day.

The initial proceedings for the misdemeanor charge were held in Knox City Court. The court granted Mrs. Risner's request for a jury trial, but transferred the case to Starke County Circuit Court on February 19, 2025. (ECF 17 ¶ 74). The Starke Circuit Court denied Mrs. Risner's motion to suppress evidence, on the grounds that the stop and search of Plaintiffs' vehicle was lawful. However, in the same order, the court dismissed the misdemeanor charges against Mrs. Risner, finding that the disorderly conduct statute creating the misdemeanor was unconstitutional as applied to her conduct.[1] (ECF 17 at 13–15).

The Risners have now brought an action in this Court under 42 U.S.C. § 1983. They allege violation of their Fourth and Fourteenth Amendment Rights by the police officers involved in the search, as well as a variety of Indiana state-law claims. (Counts I–VI). Mrs. Risner has also alleged violations of Fourteenth Amendment Due Process by the prosecutors and judicial employees involved in her case (Count VII), as well as a First Amendment retaliation claim against both the officers and prosecutors (Count VIII). Plaintiffs make a *Monell* claim against the Starke County Sheriff's department.

---

[1] The Court takes judicial notice of the docket entry under Fed. R. Evid. 201. *See* Final Order on Defendant's Motion to Suppress and Dismiss, *State v. Risner*, No. 75C01-2503-CM-001 (Starke Cir. Ct. June 30, 2025).

(Count IX). And they have also requested injunctive and declaratory relief against Judge Hasnerl of the Knox City Court based on alleged unconstitutional courtroom procedures, and against Prosecutors Baker and Poulos ("Prosecutors") for future threatened retaliation.[2]

Prosecutor Baker, Prosecutor Poulos, and Judge Hasnerl have made a joint motion to dismiss the complaint against them. (ECF 23). Knox City Court employees Ms. Angela Jesuit and Ms. Taylor Lockridge ("City Court Employees") have made a separate joint motion to dismiss. (ECF 25). The Court will now address both motions.

## ANALYSIS

### A. Official Capacity Claims Against Prosecutors

Under sovereign immunity doctrine as recognized by the Eleventh Amendment, state officials are generally immune from official-capacity suits. *See Whole Woman's Health, et al. v. Jackson*, 595 U.S. 30, 39 (2021) (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)). Still, under *Ex Parte Young*, a state official may be prospectively enjoined from personally engaging in unconstitutional behavior. *See Ex Parte Young*, 209 U.S. 123 (1908); *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012).

[2] Plaintiffs' complaint appeared to make only an injunctive claim against Judge Hasnerl, while making unspecified "official capacity" claims for damages against Prosecutors Baker and Poulos. Of course, any retrospective official capacity claims under Section 1983 would necessarily fail. *See Brown v. Budz*, 398 F.3d 904, 917 (7th Cir. 2005). Plaintiffs' briefing now asserts that the injunctive requests against Judge Hasnerl were also meant to cover the Prosecutors. This is not immediately obvious from the Complaint, and the inconsistency appears to have arisen from Plaintiffs' use of AI in drafting their pleading documents. Even so, the Court will read Plaintiffs' pro se pleadings "liberally" on this occasion. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

To obtain an official-capacity injunction against an officer under *Ex Parte Young*, a plaintiff must demonstrate entitlement to prospective relief against an "ongoing violation" of federal law. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 521–24 (7th Cir. 2021). The plaintiff must also meet the general requirements for an injunction in federal court: (1) a reasonable likelihood of success on the merits (2) that there is no other adequate remedy at law and that irreparable harm will occur otherwise, (3) that the irreparable harm outweighs the cost of the injunction to defendants and (4) that the injunction will not disserve the public interest. *Id.* at 521–22; *LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir. 2019). Finally, the plaintiff must meet the threshold requirement of standing, showing that there is an "actual and imminent" threat that plaintiff will suffer an "injury in fact" that is "concrete and particularized" and is "fairly traceable to the challenged action of the defendant." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Plaintiffs fail to plausibly allege an actual threat of injury by either prosecutor for purposes of standing, let alone a threat that poses a risk of "irreparable harm" sufficient to justify injunctive relief. *LAJIM, LLC*, 917 F.3d at 944. With regard to Prosecutor Poulos, Plaintiffs do not allege any facts suggesting a possibility of future unconstitutional action or harm. Injunctive relief would not be appropriate. With regard to Prosecutor Baker, Plaintiffs point only to a single Facebook comment in which Prosecutor Baker addressed the Starke County Circuit Court's dismissal of the action against Mrs. Risner. (ECF 23-5). But far from threatening punitive action, the post stated that the dismissal "demonstrates that the process worked" because "The Court

examined a question of law, and made a ruling." (*Id.*). Prosecutor Baker also stated that "while I may disagree with the ruling, I respect the position of the Court and will take this ruling back to law enforcement, where we will address it accordingly." (*Id.*). There is no reasonable way to read this discussion as a threat against Plaintiffs. Prosecutor Baker did not threaten any subsequent action against Mrs. Risner. She stated that she respected the court's ruling. She did not even mention Mrs. Risner by name. Nor is it plausible to read Prosecutor Baker's statement about "address[ing] [the ruling] accordingly" with law enforcement as a threat to disobey the court's order or initiate additional prosecution against Plaintiffs. (*Id.*).

### B. Individual Capacity Claims against Prosecutors

Plaintiffs also allege individual capacity claims against Prosecutors. For example, they argue that Prosecutor Baker was negligent in maintaining an out-of-date no-contact order file that led to Mr. Risner's arrest (ECF 17 at 19–21), failing to review written materials submitted by Plaintiff, and in filing charges. (ECF 28 at 9–12). Plaintiffs also object to various legal strategies employed by Prosecutor Baker. (*Id.* at 12–15).

Prosecutors argue that they are protected by prosecutorial immunity. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (citing *Imbler v. Pachtman,* 424 U.S. 409, 410 (1976)). Prosecutorial immunity arises from the prosecutor's role as an officer of the court, and the corresponding absolute protection of judicial immunity. *See Boyd v. Adams*, 513 F.2d 83, 86 (7th Cir. 1975). Thus,

it is sometimes referred to as "quasi-judicial" immunity. *See Zoretic v. Darge*, 832 F.3d 639, 643 (7th Cir. 2016). It "extends beyond an individual prosecutor's decision to indict or try a case" and "encompasses any action directly relevant to a prosecutor's ability to conduct a trial." *Id.* (citing *Van de Kamp v. Goldstein,* 555 U.S. 335, 344–48 (2009)

Here, Plaintiffs do not allege that Prosecutors Poulos or Baker did anything outside the scope of their prosecutorial duties. Administration of court order files is solidly within the scope of prosecutorial immunity. *See Zoretic*, 832 F.3d at 643–44. Plaintiffs argue the Prosecutors are stripped of immunity based on an alleged "admission" that their default policy is to initiate prosecutions based on police affidavits alone. That is not correct—the decisions regarding how and whether to initiate a prosecution are quintessential prosecutorial acts, and are fully immune from suit. [3] *See Reichle v. Howards,* 566 U.S. 658, 668 (2012) ("prosecutors enjoy absolute immunity for their decisions to prosecute").[4]

Mrs. Risner also alleges that Prosecutor Baker's Facebook post constitutes a threat, suppressing her speech in violation of the First Amendment. This argument fails. To establish a First Amendment retaliation claim, a plaintiff must show that her speech

[3] Plaintiffs also make several allegations based on the Prosecutors' discovery responses and representations to the Court, arguing that such activities fall outside prosecutorial immunity. (ECF 28 at 14). This is also incorrect. *See Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("absolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" (quoting *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir. 1986))).

[4] Plaintiffs appear to be confusing this situation with a prosecutor's decision to sign a probable cause affidavit. In that context, a prosecutor would not be immune because attesting to the truth of a probable cause affidavit is not an activity that falls within the scope of the prosecutorial duty. *See Kalina v. Fletcher*, 522 U.S. 118, 129–30 (1997). Plaintiffs do not allege that this occurred.

was constitutionally protected under the circumstances, and that the defendants retaliated against her because of that speech. *See Ryan v. Illinois Dep't of Child. & Fam. Servs.*, 185 F.3d 751, 758–59 (7th Cir. 1999). First, as discussed above, there is no plausible basis to read the comment as a threat. *See supra* page 4–5. Second, the comment itself does not reference or appear to be related to any constitutionally protected speech by Plaintiff, and thus cannot be an unconstitutional "targeting" of speech. *See Ryan*, 185 F.3d at 758.

**C. Claims Against Judge Hasnerl**

Plaintiffs also request injunctive relief against Judge Hasnerl. A court may enjoin a courtroom practice only if it rises to the level of unconstitutionality, and the plaintiff has standing to bring a claim against it. *See Deck v. Missouri,* 544 U.S. 622, 630 (2005).

Here, Plaintiffs fail to satisfy either criteria. First, they lack standing because they do not plausibly allege an "actual and imminent" likelihood of a "concrete and particularized" injury. Plaintiffs allege that they reside in the jurisdiction of the Knox City Court where Judge Hasnerl sits. But the mere connection of residing in a judicial district is "too generalized and attenuated" to support standing. *See Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 588 (2007). Plaintiffs do not allege any facts suggesting that they have an imminent appearance before the Knox City Court or before Judge Hasnerl.[5]

[5] Plaintiffs' brief states that their situation constitutes "capable of repetition yet evading review" standing, appearing to misunderstand how the doctrine operates. That exception is for factual circumstances that are (1) short enough that they would necessarily render the claim moot by the time of trial and (2) reasonably capable of occurring again. *See Ciarpaglini v. Norwood*, 817 F.3d 541, 546 (7th Cir. 2016). There is nothing temporally finite about Plaintiffs' alleged due process harms that would be necessarily likely to be mooted over the complete course of litigation.

Nor do Plaintiffs properly allege that any of Judge Hasnerl's courtroom practices rose to the level of unconstitutionality. Mrs. Risner objects to (1) her inability to bring a laptop into the courtroom, (2) the alleged exclusion of several family members, and (3) the requirement that she wait in the courtroom gallery until her case was called. But technology use restrictions are a common court security measure, and trial judges "have been given broad discretion to exclude spectators to protect order in their courtrooms"—especially in the case of pretrial hearings. *Gannett Co. v. DePasquale*, 443 U.S. 368, 388 n. 19 (1979). Mrs. Risner also fails to show that any of these measures actually harmed her, because the case was transferred to the Starke County Circuit Court before there was any ruling on the merits. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (a plaintiff must establish that an alleged constitutional violation caused actual injury or damages).

**D. Claims against City Court Employees**

Plaintiffs allege that Knox City Court Employees Ms. Angela Jesuit and Ms. Taylor Lockridge ("City Court Defendants") violated their constitutional rights when they enforced Judge Harsnerl's courtroom policies by (1) not allowing Mrs. Risner to bring a laptop into the courtroom, (2) excluding several family members, and (3) requiring Mrs. Risner to wait in the courtroom gallery until her case was called. In order to bring a Section 1983 claim, a plaintiff must show (1) she was deprived of a federal right, (2) that she was harmed by the violation (i.e., standing), and (3) that the actions were not immune. *See Hadley v. City of S. Bend, Indiana*, 154 F.4th 549, 552 (7th Cir. 2025);

*Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Plaintiffs' claim fails on all three grounds.

First, Plaintiffs' claim fails because City Court Defendants are immune from all claims. Judicial immunity protects judicial officers and employees when they are performing judicial functions. *See Forrester v. White,* 484 U.S. 219, 224 (1988); *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 623 (7th Cir. 2002). As discussed above in the case of Judge Hasnerl, the alleged acts involve the core judicial functions of courtroom and trial management. *See supra* pages 6–7. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Plaintiffs object that there can be no immunity because there was no "written policy" directing Defendants. But this is not how judicial immunity works—it does not depend on whether there was a written confirmation or policy for a specific act, but whether the *function* of an act is related to the judicial duty. *See Mireles v. Waco,* 502 U.S. 9, 13 (1991) ("the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'"). Here, Defendants' actions fit within the judicial role of courtroom management and are protected by judicial immunity.[6]

Moreover, Plaintiffs cannot show that they suffered any harm due to the alleged violations. As discussed above, the court proceedings that involved the relevant alleged violations were terminated due to the transfer to another court, and the final

[6] Plaintiffs are attempting to make due process claims under Section 1983 that are usually best raised through direct appeal. *See United States v. Henderson*, 915 F.3d 1127, 1131 (7th Cir. 2019). Of course, Plaintiffs could not have appealed a proceeding, because there was no adverse decision against Plaintiff. But that serves to drive home the salient lack of standing that pervades this entire action with regard to these specific defendants. *See Forrester*, 484 U.S. at 225 (1988) (observing that judicial immunity discourages inappropriate collateral attacks and protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants).

proceedings did not end in an adverse ruling for Mrs. Risner. *See supra* page 8. Thus, Plaintiffs fail to show actual harm, and the claim fails for lack of standing.[7]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Prosecutor Baker, Prosecutor Poulos, and Judge Hasnerl's Motion to Dismiss (ECF 23), as well as Defendants Angela Jesuit and Taylor Lockridge's Motion to Dismiss (ECF 25). Courts will generally allow amendment of the complaint after dismissal, but will not do so when amendment would be futile or frivolous. *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015) (citing *Moore v. Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993)). Here, no conceivable amendment could cure the standing and immunity barriers to Plaintiffs' claims. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Accordingly, the case is **DISMISSED**, with prejudice. The clerk is **ORDERED** to close the case.

SO ORDERED on September 17, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

[7] Plaintiffs also argue in their response that they request injunctive official capacity relief against the City Court Employees for the same reasons they request it against Judge Hasnerl. Those claims fail for lack of standing on the same basis that the prospective claims against Judge Hasnerl fail. *See supra* page 7.